United States District Court
Southern District of Texas
**ENTERED**
March 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Mary Ferrel, § § § *Plaintiff,* § § § v. § § Kilolo Kijakazi, § Acting Commissioner, Social § Security Administration, § § *Defendant.* § | Case No. 4:21-cv-03409 |

## MEMORANDUM AND RECOMMENDATION TO AWARD ATTORNEYS' FEES

Before the Court is Plaintiff Mary Ferrel's motion requesting an award of attorneys' fees incurred in her successful challenge to an adverse ruling from the Social Security Administration under 42 U.S.C. § 405(g). Dkt. 19. It is recommended that Plaintiff's motion be granted.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees if she prevails on appeal from a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that she is the prevailing party; (2) that she timely filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances exist that would make

a fee award unjust. *Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)), *report and recommendation adopted*, 2021 WL 2188200 (S.D. Tex. May 28, 2021).

Here, the course of proceedings shows both that Plaintiff is the prevailing party and that the agency's position was not substantially justified. First, the Court remanded the case to the Social Security Administration under sentence four of 42 U.S.C. § 405(g), which makes Plaintiff a prevailing party under the EAJA. *See* Dkt. 16 (adopting recommendation to vacate the agency's decision and remand for further proceedings, Dkt. 15); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand to the agency pursuant to 42 U.S.C. § 405(g) confers plaintiff with prevailing party status). Indeed, the Commissioner agrees that Plaintiff is a prevailing party entitled to recover her attorneys' fees. Dkt. 20 at 1-2. The Commissioner also does not contend that her position was substantially justified. *See Reese*, 2021 WL 2188686, at *2 (making similar observation to conclude that position was not substantially justified); *see also, e.g.*, *Thomas v. Astrue*, 2009 WL 210484, at *1 (S.D. Tex. Jan. 26, 2009) (awarding attorneys' fees where, *inter alia*, "[t]he Commissioner does not contend that the government's position was substantially justified").

Plaintiff also timely filed her motion for attorneys' fees within thirty days of when the district court's judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from "final judgment in the action"); *id.*

§ 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 16 (Nov. 23, 2022 judgment); Dkt. 19 (Feb. 22, 2023 motion for fees). No special circumstances make a fee award unjust. An award of fees under the EAJA is therefore proper.

Plaintiff argues, and the Commissioner does not dispute, that the requested hourly rates and the total hours expended by Plaintiff's counsel are reasonable. Dkt. 19 at 4-6; Dkt. 20 at 2. The Court agrees.

Plaintiff's attorneys spent a total of 33.4 hours working on her case—2.7 hours in 2021, 29.70 hours in 2022, and 1.0 hour in 2023. Dkt. 19-6 ¶ 4; 19-7 at 3-4. These figures are reasonable. *See Reese*, 2021 WL 2188686, at *2 ("[C]ourts typically award between 30 and 40 hours of work for Social Security appeals."); *Mesecher v. Berryhill*, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) (collecting cases for the same observation).

As for the hourly rate, Plaintiff has shown that an increase of the standard hourly rate of $125.00 is warranted. Upward adjustments in the EAJA rate, which was last amended in 1996, are appropriate to account for increases to the cost of living. 28 U.S.C. § 2412(d)(2)(A) (authorizing courts to exceed $125/hour if "an increase in the cost of living or special factor ... justifies a higher fee"); *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992) (endorsing cost-of-living adjustments to EAJA hourly rate). Courts routinely

3

use the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics to determine the appropriate adjustment. *See Deborah S. v. Comm'r of Soc. Sec.*, 2022 WL 393834, at *2-3 (S.D. Tex. Feb. 9, 2022) (applying CPI to determine appropriate hourly rate); *Reese*, 2021 WL 2188686, at *2 (same).

Although Ferrel's motion notes cost increases in the Dallas area, Dkt. 19 at 5-6, this case was filed in Houston. The inquiry thus considers the average annual CPI in this region the last time the EAJA rate was changed, compares that rate to the average annual CPI for a given year when legal services were provided, calculates the percentage of the increase, and applies that percentage to determine the CPI-adjusted hourly rate for that particular year. *See Deborah S.*, 2022 WL 393834, at *2-3 & n.7 (explaining the calculation and applying CPI for Houston, where the case was filed, even though counsel was based in New York).

The relevant data, which Ferrel has provided, Dkt. 19-3, is the CPI for the Houston-The Woodlands-Sugar Land, Texas area. The base CPI rate in this area as of 1996 was 142.7.[1] The CPI-adjusted hourly rates are as follows:

- For 2021, the CPI was 67.47% higher than the base CPI (*i.e.*, (238.975-142.70)/142.70), making the adjusted hourly rate $209.34 (*i.e.*, 1.6747 x $125).

---

[1] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area is found at https://data.bls.gov/pdq/SurveyOutputServlet (last visited Mar. 13, 2023).

- For 2022, the CPI was 81.26% higher than the base CPI (*i.e.*, (258.66-142.70)/142.70), making the adjusted hourly rate $226.58 (*i.e.*, 1.8126 x $125).

Because the hourly rates sought by Ferrel—$200.75 for 2021 and $217.29 for 2022 and 2023, Dkt. 19 at 5-6—are lower than the CPI-adjusted rates ($209.34 and $226.58, respectively), her requested rates are reasonable.[2]

Applying these adjusted hourly rates to the number of hours expended, the Court concludes that Plaintiff should be awarded $542.02 in attorneys' fees for 2021 and $6,670.80 for 2022-23, for a total of $7,212.82.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff Mary Ferrel's motion for attorneys' fees (Dkt. 19) be **GRANTED**, and that Defendant be ordered to pay Plaintiff $7,212.82 in reasonable attorneys' fees.

Signed on March 13, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

---

[2] Because there is not yet an annual CPI for 2023, and all but one hour of counsel's work predates 2023, the Court will apply the 2022 CPI to the single hour for which Plaintiff seeks reimbursement in 2023.

5